DAVID O. LAGRONE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Lagrone v. Commissioner
Docket No. 30184-82.
United States Tax Court
T.C. Memo 1985-337; 1985 Tax Ct. Memo LEXIS 296; 50 T.C.M. (CCH) 383; T.C.M. (RIA) 85337; July 10, 1985. Rogelio A. Villageliu, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined the following deficiencies and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
1978
$5,833.70
$1,535
$307
The sole issue for decision is whether damages should be imposed pursuant to section 6673. Petitioner resided in Davenport, Iowa when he filed his petition in this case. He failed to file a Federal income tax return for the year in issue. The petition was filed on December 30, 1982, and asserts the following *297 errors in respondent's determination: (1) the stated income is too high; (2) the statement of expenses and other deductions and allowances is too low; (3) taxes were assessed on petitioner that do not apply to him as a natural individual and free person, and (4) the Commissioner has denied petitioner full benefit of the laws of the United States in preparing the assessment. An amended petition was subsequently filed, containing arguments (1) that petitioner is not a "taxpayer"; (2) that he does not have a "tax year"; (3) that he is not a person liable for tax; (4) that he is not a taxable person; (5) that he is not a person required to report income; (6) that he is not required to provide books and records; (7) that he is not required to file returns of income; (8) that the labor petitioner performed during the years in issue was not property; and (9) that the labor performed by petitioner was not property acquired by petitioner from another person, or a gift from a donor, or had zero value in the hands of the donor. On July 23, 1984, the Court sent to petitioner a notice setting the case for trial which advised that "[y]our failure to appear may result in dismissal of the case *298 and entry of decision against you." In addition, respondent served upon petitioner three Subpoenas Duces Tecum which required him to appear at the Court's trial calendar on October 15, 1984. At the call of this case for the calendar at the October 15, 1984 trial session in Des Moines, Iowa, petitioner failed to appear or to otherwise prosecute his case. Petitioner's failure to produce evidence in support of issues as to which he bore the burden of proof led the Court to grant respondent's motion to dismiss pursuant to Rule 123 for failure to properly prosecute. Respondent failed a motion for damages in the amount of $500 pursuant to section 6673. We hold that respondent's motion should be granted and damages in the amount of $500 should be imposed pursuant to section 6673. That section provides the Tax Court with power to award damages to the United States whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay, or that the taxpayer's position in such proceedings in frivolous or groundless. In cases pending in this Court after November 15, 1984, we may, in our discretion, impose damages up to $5,000. Petitioner filed no Federal *299 income tax return for the year in issue. His first petition alleged, in part, that respondent's determination of his tax deficiency was in error because "stated income is too high" and because "statement of expenses and other deductions and allowances are too low." After filing the petition, petitioner made no effort to substantiate his claims. He declined all opportunities to negotiate a stipulation of facts, or to present any grounds in support of his petition. These allegations in his first petition are therefore "groundless" within the meaning of the statute. Petitioner's other arguments in his first and amended petitions repeatedly have been characterized as "frivolous" by this Court. They merit no substantive discussion. , affd. . Petitioner's institution and maintenance of these frivolous and groundless petitions, coupled with his obvious lack of interest in prosecuting his case and his failure to appear at trial after warnings from respondent and from this Court, support a finding that this proceeding was brought primarily for delay. See , *300 affg. an unpublished order of this Court; . To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended. Any reference to "Rules" is to the Tax Court Rules of Practice and Procedure.↩